IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tannie Shavonne Jackson, | Civil Action No. 3:25-13273-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* Complaint pursuant to the Federal Tort Claims Act, alleging negligence against the Department of the Army for withholding records relevant to Plaintiff's employment claim against it. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On March 3, 2026, the Magistrate Judge issued a Report recommending the Complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff timely filed objections to the Report. ECF No. 16.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff alleges negligence against the United States for actions of its employees, specifically the Chief of Staff, the Agency's attorney, and an attorney representing the agency, who owed and breached a duty to Plaintiff "to follow lawful procedures, protect employee rights, ensure fair investigations and equity in accordance with applicable regulations and policies." Dkt. No. 1 at 9. Specifically, she contends professional ethics violations, procedural/regulatory violations, and discovery misconduct occurred. *Id.* She asserts such breach led to her reassignment and separation from her employment. *Id.* Plaintiff contends she served an administrative claim on the organization on May 5, 2025. *Id.* at 1.[1]

The Magistrate Judge set forth the standard under the Federal Tort Claims Act and negligence under South Carolina law. Dkt. No. 12 at 4. She notes South Carolina common law imposes no duty on an agency attorney to disclose documents related to Plaintiff's supervisor's administrative appeal, or any duty at all to an opposing litigant. *Id.* at 5. The Report also finds a negligence *per se* theory based on violation of discovery rules is unavailing. *Id.* at 6. It concludes "because the only actor alleged to have been negligent had no common law duty to the plaintiff and because court rules do not create a private right of action, South Carolina law does not

---

[1] She does not say whether the agency denied her claim or took any action on it. "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Plaintiff filed her complaint November 4, 2025.

2

recognize a tort claim based on these facts. The FTCA's waiver of sovereign immunity from suit therefore does not apply." *Id.*

Plaintiff objects, arguing the Report "rests on a mischaracterization of Plaintiff's allegations, an incorrect statement of South Carolina duty law, and an incomplete application of the FTCA's private analogue requirement." Dkt. No. 16 at 1. She alleges multiple federal employees, "including the Chief of Staff, agency counsel, and other responsible officials withheld documents they were legally required to maintain, preserve, and provide during an administrative process governed by mandatory procedures." *Id.* The agency failed to follow these procedures, resulting in adverse findings against her. Essentially, she asserts "ordinary negligence in federal employees' performance of mandatory administrative duties." *Id.* at 2. Plaintiff also contends she is not alleging negligence *per se*, so the Report's reliance on *Denson* is inapposite. *Id.* at 4. Finally, she contends the Report incorrectly concludes sovereign immunity bars her claim at this stage. *Id.* at 5.

3

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court finds it is questionable whether jurisdiction exists over Plaintiff's claim under the FTCA. However, it appears Plaintiff may also be alleging a claim relating to her federal employment, which could fall under the Civil Service Reform Act, 5 U.S.C. § 1101, et seq. ("CSRA"). Accordingly, the court directs the Complaint be served.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 9, 2026

4